Honorable Thomas W. Shannon Prosecuting Attorney for the St. Louis Court of Criminal Correction of St. Louis City 1320 Market Street, Room 153 St. Louis, Missouri 63103
Dear Mr. Shannon:
This is in response to your request for an opinion from this office as follows:
 "In the event of a vacancy in the office of the Sheriff of the City of St. Louis, are the duties prescribed by Sections 58.210 and 58.715 R.S.Mo (1973) assumed by the Prosecuting Attorney for the St. Louis Court of Criminal Correction of St. Louis City or the Circuit Attorney of the City of St. Louis?"
Your request seeks our interpretation of Section 58.715, RSMo Supp. 1975. This statute, along with other "medical examiner" provisions (Sections 58.700-58.765, RSMo Supp. 1975) was enacted by the General Assembly in 1973 (Laws 1973, S.B. 122, Sections 1-17).
 "The basic thrust of [these] . . . statutory provisions . . . is to abolish mandatorily the office of county coroner in certain classes of counties and to create the office of county medical examiner. In all other counties, the local electorate is given the right to choose whether to replace the office of county coroner with that of county medical examiner. . . ." State ex rel. McClellan v. Godfrey, 519 S.W.2d 4, 6 (Mo. Banc 1975)
The medical examiner provisions essentially abolish the county coroner's office in certain counties and transfer the coroner's duties to the appointed medical examiner and county prosecuting attorney. In McClellan the Missouri Supreme Court held that the medical examiner provisions of Sections 58.700-58.765
were applicable to and could be adopted by the City of St. Louis pursuant to the procedures set forth in Section 58.760. We understand from your request that the provisions of Sections58.700-58.765 were subsequently proposed to and adopted by the City of St. Louis, that a city medical examiner has been appointed pursuant to Section 58.700, and that the office of coroner of the City of St. Louis has been abolished pursuant to Section 56.755.
Section 58.715 provides as follows:
 "In addition to the duties prescribed by sections 58.010, 58.020, 58.060, 58.090, 58.160, 58.375, 58.451, 58.455 and 58.700
to 58.765 the medical examiner shall perform those duties and functions prescribed by law for coroners which are not in conflict with the provisions of sections 58.010, 58.020, 58.060, 58.090, 58.160, 58.375, 58.451, 58.455, and 58.700 to 58.765; except that, the medical examiner shall not perform any duty of the sheriff. The duties of the sheriff which are prescribed by law for coroners shall be performed by the prosecuting attorney in all counties in which there is a medical examiner."
The duties of the sheriff prescribed by law for the county coroner, in the event of a vacancy in the sheriff's office, are found in Section 58.200, RSMo 1969, which states as follows:
 "When the office of sheriff shall be vacant, by death or otherwise, the coroner of the county is authorized to perform all the duties which are by law required to be performed by the sheriff, until another sheriff for such county shall be appointed and qualified, and such coroner shall have notice thereof, and in such case, said coroner may appoint one or more deputies, with the approbation of the judge of the circuit court; and every such appointment, with the oath of office endorsed thereon, shall be filed in the office of the clerk of the circuit court of the county."
The duties of the sheriff prescribed by law for the coroner of the City of St. Louis, in the event the city sheriff is for any reason disqualified to act or refuses to act, are found in Section 58.210, RSMo Supp. 1975, which states as follows:
 "The coroner of the city of St. Louis shall do and perform all acts and exercise all powers within the limits of the city of St. Louis required or authorized by law to be performed by coroners in this state. The coroner is ex officio public elisor of the city, and in his capacity as public elisor shall perform all the duties and exercise all the powers of sheriff in the city, and perform all the duties and exercise all the powers of a constable in the city, in all cases where the sheriff or any constable of the city is for any reason disqualified to act, or refuses to act. The coroner of the city of St. Louis shall receive an annual salary of ten thousand five hundred dollars as full compensation for his services as coroner and as public elisor. The coroner shall appoint two deputies and a chief clerk, whose appointment shall be made in writing and filed with the mayor of the city of St. Louis. The deputies and chief clerk shall serve during the pleasure of the coroner. The deputies shall each take the same oath, have the same powers, perform the same duties and exercise the same authority as the coroner, who is responsible for their official conduct. The deputies shall receive an annual salary of ten thousand five hundred dollars each, and the chief clerk shall receive an annual salary of seven thousand six hundred dollars, which salaries shall be paid in equal monthly installments, as other official salaries in the city of St. Louis are paid. The salaries provided by this section are in lieu of all fees."
We find no statutory or constitutional provisions exclusively relating to vacancies in the office of the sheriff of the City of St. Louis. In any event, whether the provisions of Section 58.200 or 58.210 apply to the facts detailed in your request, it appears that the duties and powers of the sheriff of the City of St. Louis are to be performed and exercised by the coroner of the City of St. Louis when either the city sheriff's office is vacant or the city sheriff is for any reason disqualified to act or refuses to act. Since the City of St. Louis has adopted the "medical examiner" provisions of Sections 58.700-58.765, those duties and powers prescribed by law for coroners are now to be performed by the "prosecuting attorney" pursuant to Section 58.715. We understand your inquiry to be whether the term "prosecuting attorney" contained in the last sentence of Section 58.715 pertains to the circuit attorney of the City of St. Louis or the prosecuting attorney for the St. Louis Court of Criminal Correction of St. Louis City.
The duties and responsibilities of the circuit attorney of the City of St. Louis and the prosecuting attorney for the St. Louis Court of Criminal Correction of St. Louis City are outlined in Sections 56.430-56.620, RSMo. Section 56.430, RSMo 1969, provides:
 "At the general election to be held in this state in the year 1948, and every four years thereafter, there shall be elected in the city of St. Louis one circuit attorney, who shall reside in said city, and shall possess the same qualifications and be subject to the same duties that are prescribed by this chapter for prosecuting attorneys throughout the state, and the city register of said city shall transmit to the secretary of state an abstract of the votes given for each candidate for circuit attorney in said city, in the same manner as is required by law of clerks of county courts."
Section 56.440, RSMo 1969, provides:
 "At the general election in the year 1950 and every four years thereafter, there shall be elected by the qualified voters of St. Louis city a prosecuting attorney, to be styled, `The Prosecuting Attorney for the St. Louis Court of Criminal Correction of St. Louis City'. Said prosecuting attorney shall possess the same qualifications as required by law for circuit attorneys; he shall hold his office for the term of four years, and until his successor shall be duly elected and qualified, unless sooner removed from office. The duty of transmitting the abstract of the votes by which said officer is elected shall be performed by the register of said city, as provided in section 56.430."
Comparing these two provisions, it is clear that the qualifications of the prosecuting attorney for the St. Louis Court of Criminal Correction of St. Louis City are the same as the qualifications of the circuit attorney of the City of St. Louis which in turn are the same as those prescribed for all prosecuting attorneys throughout the state in Section 56.010, RSMo Supp. 1975. While the qualifications of the circuit attorney of the City of St. Louis and the prosecuting attorney for the St. Louis Court of Criminal Correction of St. Louis City are identical, Section56.430 additionally prescribes that the circuit attorney of the City of St. Louis shall ". . . be subject to the same duties that are prescribed by this chapter for prosecuting attorneys throughout the state, . . . ." Thus, while the circuit attorney of the City of St. Louis and the prosecuting attorney for the St. Louis Court of Criminal Correction of St. Louis City must have the same qualifications, only the circuit attorney possesses the same duties and responsibilities as prescribed by Chapter 56 for prosecuting attorneys throughout the state of Missouri.
Sections 56.060 and 56.070, RSMo Supp. 1975, set forth general duties of county prosecuting attorneys. They provide as follows:
 "1. Each prosecuting attorney shall commence and prosecute all civil and criminal actions in his county in which the county or state is concerned, defend all suits against the state or county, and prosecute forfeited recognizances and actions for the recovery of debts, fines, penalties and forfeitures accruing to the state or county. In all cases, civil and criminal, in which changes of venue are granted, he shall follow and prosecute or defend, as the case may be, all the causes, for which, in addition to the fees now allowed by law, he shall receive his actual expenses. If any misdemeanor case is taken to the court of appeals by appeal he shall represent the state in the case in the court and make out and cause to be printed, at the expense of the county, all necessary abstracts of record and briefs, and if necessary appear in the court in person, or shall employ some attorney at his own expense to represent the state in the court, and for his services he shall receive the compensation that is proper, not to exceed twenty-five dollars for each case, and necessary traveling expenses, to be audited and paid as other claims are audited and paid by the county court of the county.
 "2. Notwithstanding the provisions of subsection 1, in any county of the first class not having a charter form of government for which a county counselor is appointed, the prosecuting attorney shall only perform those duties prescribed by subsection 1 which are not performed by the county counselor under the provisions of law relating to the office of county counselor."
 "1. The prosecuting attorney shall represent generally the county in all matters of law, investigate all claims against the county, and draw all contracts relating to the business of the county. He shall give his opinion, without fee, in matters of law in which the county is interested, and in writing when demanded, to the county court or any judge thereof, except in counties in which there is a county counselor. He shall, without fee, give his opinion to any magistrate court, if required, on any question of law in any criminal case, or other case in which the state or county is concerned, pending before the court.
 "2. Notwithstanding the provisions of subsection 1, in any county of the first class not having a charter form of government for which a county counselor is appointed, the prosecuting attorney shall only perform those duties prescribed by subsection 1 which are not performed by the county counselor under the provisions of law relating to the office of county counselor."
In State ex rel. Thrash v. Lamb, 141 S.W. 665, 669 (Mo.Banc 1911), the Missouri Supreme Court, in construing the provisions of what is now Section 56.060, stated:
 "The history of this legislation shows that, since 1825, it has been the policy of this state, as indicated by the various acts passed by the Legislature, to impose upon the local state's attorney, whether known as the circuit or prosecuting attorney, the duty of instituting proceedings in behalf of the state in matters arising within his local jurisdiction. . . ."
We would also refer you to Attorney General's Opinion No. 113 issued June 25, 1975, copy enclosed, in which it was held that the prosecuting attorney is each county and the circuit attorney of the City of St. Louis have authority to institute civil collection remedies for the collection of monies assigned to the state under the provision of Public Law 93-647 relating to family support. In that opinion the Attorney General noted that under Section 56.430 the circuit attorney of the City of St. Louis has the same duties and responsibilities as prescribed by law for prosecuting attorneys throughout the state.
Section 58.715 provides that in counties in which the medical examiner provisions of Sections 58.700-58.765 are adopted the county prosecutor shall perform the duties of the county sheriff which are prescribed by law for the county coroner. In effect, these duties of the coroner are transferred to the county prosecuting attorney rather than the appointed county medical examiner. Since the City of St. Louis has adopted the medical examiner provisions of Sections 58.700-58.765, it is apparent that the legislature intended that, pursuant to Section 58.715, the duties of the city sheriff prescribed by law for coroners in Section 58.210 are to be transferred to and assumed by the city's functional equivalent of county prosecuting attorney, the circuit attorney of the City of St. Louis.
CONCLUSION
It is therefore the opinion of this office that the term "prosecuting attorney" referred to in the last sentence of Section58.715, RSMo Supp. 1975, means, as applied to the City of St. Louis, the circuit attorney of the City of St. Louis. The duties of the sheriff which are prescribed by law for coroners are to be carried out by the circuit attorney of the City of St. Louis in case of a vacancy in the office of the sheriff of the City of St. Louis.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Greg Hoffmann.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 113 Graham, 6-25-75